# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 1193 | DATE | 12/9/2003 |
| CASE TITLE | Trejo vs. Village of Itasca, et al. | | |

| MOTION: | [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.] |
|---|---|

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Defendants' motion to dismiss is denied. Settlement conference set for 12/23/03 at 9:30am. All parties are directed to be present.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | DEC 1 0 2003 | |
| | Notified counsel by telephone. | | | date docketed | 37 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | CLERK | | |
| JD | courtroom deputy's initials | 03 DEC -9 PM 5:11 | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
JOSE DIAZ TREJO,                )
                                )
    Plaintiff,                  )
                                )
v.                              )   02 C 1193
                                )   Judge George M. Marovich
VILLAGE OF ITASCA,              )
OFFICER JACK PEARSON, and       )
UNKNOWN OFFICERS,               )
                                )
    Defendants.                 )

DOCKETED DEC 1 0 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Jose Diaz Trejo ("Trejo") filed a six-count Amended Complaint against Village of Itasca, Officer Jack Pearson ("Officer Pearson"), and Unknown Officers (collectively "Defendants"), alleging excessive force by the police officers in violation of 42 U.S.C. § 1983 ("§ 1983")(Count I); assault and battery (Count II); malicious prosecution (Count III); false arrest/unlawful seizure pursuant to § 1983 (Count IV); respondent superior (Count V); and indemnification (Count VI). Defendants brought a motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court denies Defendants' Motion to Dismiss.

### BACKGROUND

The Complaint alleges the following relevant facts, which for the purposes of deciding this motion, are taken as true. Hishon v. Kemp & Spalding, 467 U.S. 69, 73 (1984). On or about the afternoon of March 7, 2000, Trejo, a 54-year-old male, was

arrested at his home in Itasca, Illinois pursuant to an arrest warrant signed by Jessica Galvez ("Galvez"), an employee of the Itasca Bank & Trust Co. There remanins a question as to whether the Defendant Officers showed Trejo this arrest warrant before arresting him.

After being handcuffed, Trejo was then taken to the Itasca Police Department, where he was charged with offenses based upon disorderly conduct relating to his relationship with Galvez. In addition, Trejo was charged with resisting arrest. Later that day, Trejo was released from custody, and the next day sought medical treatment for his injuries at Alexian Brothers Medical Center in Elk Grove Village, Illinois. Plaintiff was diagnosed with a contusion of the arm and received subsequent medical treatment in connection with the injury.

Trejo argues that prior to his arrest, the Defendant Officers forcibly entered his home, pushed him against the wall, forced his hands behind his back and violently handcuffed him. Such activity, according to Trejo, resulted in injury to both his hand and arm. However, Defendant Officers point out that while attempting to arrest Trejo, he struggled from and grabbed the handcuffs of Officer Pearson.

Although the charges relating to Galvez were dropped, Trejo was found guilty of resisting arrest in a jury trial in the Eighteenth Judicial Circuit of DuPage County on June 5, 2001. Trejo was sentenced to, and served, ten days with the Sheriff's Work Alternative Program ("SWAP") and was subject to one year conditional discharge. On April 7, 2000, in the Circuit Court of

DuPage County, Trejo filed, pro se, a "Counter-claim ((Counter-complaint)) of the Defendant Jose' Diaz Trejo Against Aforementioned Plaintiff(s), Namely the People of the State of Illinois, Jessica Galvez ((Itasca Bank & Trust Co., Jack Pearson ((Village of Itasca Police Department)), et al." In addition, Trejo removed the case to this Court and filed a complaint on June 26, 2002, and an amended complaint on January 24, 2003.

## DISCUSSION

### I. Standard for a Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir. 1988). Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of a claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### II. Rooker-Feldman Doctrine

Defendants contend that Plaintiff's § 1983 claims, for excessive force and unlawful arrest/unlawful seizure, should be dismissed because they are barred by the Rooker-Feldman doctrine. This doctrine provides that a United States District Court has no authority to review final judgments of a state court. Rooker v.

Fidelity Trust Co., 263 U.S. 413, 416-17 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that a plaintiff who brings a § 1983 claim, cannot succeed where it would "render a [state] conviction or sentence invalid". Therefore, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id.

Applying this case to the case at bar, plaintiff was convicted of "Resisting a Peace Officer", which in Illinois, is defined as:

> A person is not authorized to use force to resist an arrest which he knows is being made either by a police officer or by a private person summoned and directed by a police officer to make an arrest, even if he believes that the arrest is unlawful and the arrest in fact is unlawful.

720 Ill. Comp. Stat. 5/7-7 (2003).

This Court does not find that a plaintiff's conviction for resisting arrest would necessarily preclude the plaintiff's § 1983 claims for excessive force or unlawful arrest/unlawful seizure. It is possible, under the language of this statute, that an officer could use excessive force in response to, and despite, a plaintiff's resisting arrest, in connection with an unlawful arrest/unlawful seizure. Therefore, it is not evident that if Trejo prevails, this result would necessarily render the his conviction for resisting arrest invalid. Therefore, the Rooker-Feldman doctrine does not bar Trejo's § 1983 claim.

4

III. Res Judicata

Alternatively, defendants contend that Trejo's § 1983 claims should be dismissed because they are barred by res judicata. Under Illinois law, res judicata applies where: (1) final judgment on merits was rendered by court of competent jurisdiction; (2) identity of causes of action exists; and (3) there is identity of parties or their privies exists. Licari v. City of Chicago, 298 F.3d 664, 666 (7th Cir. 2002). "While [Trejo] is party to both the [lawsuit] at the state level and to the current suit, there is no identity or privity between the State of Illinois, the prosecuting party in the first suit, and the [Village of Itasca] and its police officers, the defendants in the present action. When a fundamental requirement of res judicata is not met, preclusion must fail." Allen v. City of Zion, No. 01 C 9216, 2003 WL 22078374, *2, (N.D. Ill. Sept. 3, 2003). Therefore, this claim is not barred by the doctrine of res judicata.

VI. Statute of Limitations

Defendants contend that Trejo's state law claims are barred by the one-year limitations period for claims brought against a municipality under Section 8-101 of the Illinois Tort Immunity Act. The Illinois Tort Immunity Act states: "No civil action may be commenced in any court against a local entity or any of its employees for an injury unless it is commenced within one year of the date that the injury was received or the cause of action accrued." 745 Ill. Comp. Stat. 10/8-101. However, the Plaintiff asserts that under 15(c) of the Code of Civil Procedure, relation

5

back to the original pleading filed by Trejo, pro se, on April 7, 2000, is proper. This Court agrees.

Rule 15(c) provides that, "there is no relation back unless the claims against the new parties arose out of the same occurrence as the original claims, the added parties received notice of the initial filing before the expiration of the period for service of process, and the added parties knew or should have known, prior to the running of the service period, that but for a mistake by the plaintiff the action would have been brought against them." Fed. R. Civ. P. 15(c).

Trejo's pleading, filed on April 7, 2000, contains essentially the same claims against the parties identified in his Amended Complaint filed January 24, 2003. Moreover, the facts and events detailed in Trejo's pleading of April 7, 2000, arose out of the same occurrence as the Amended Complaint. Accordingly, because the parties listed on the Amended Complaint received notice of the initial filing before the one-year statute of limitations period, they knew or should have known that, but for a mistake by Trejo, this action would have been brought against them.[1] Therefore, this Court finds that Trejo's Amended

---

[1] There is no mention of whether the named defendants were properly served with this pleading; however, for purposes of a motion to dismiss, all reasonable factual inferences must be drawn in favor of the party opposing the motion. Rubacha by Rubacha v. Coler, 607 F. Supp. 477, 478 (N.D. Ill. 1985)(citing Wolfolk v. Rivera, 729 F.2d 1114, 1116 (7th Cir. 1984)). Therefore, this Court assumes that because the pleading stated that they were properly served, they were in fact properly served.

Complaint relates back to his original pleading of April 7, 2000, and thus satisfies the one year statute of limitations.

V. Respondeat Superior and Indemnification

Defendants assert that Count IV (Respondeat Superior) and Count V (Indemnification) should be dismissed under the Tort Immunity Act. The Tort Immunity Act states that "a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable". 745 Ill. Comp. Stat. 10/2-109. The Defendants believe that since Officer Pearson is not liable for harms alleged in the state law counts of the Amended Complaint, the Village cannot be held liable on a theory of respondeat superior. However, the Court has not dismissed the claims against the officers, thus the potential for respondeat superior liability and indemnification survives and Counts IV and V will not be dismissed.[2]

---

[2] The Defendants raise two new arguments for the first time in their reply brief, namely (1) that both respondeat superior and indemnification are not separate, identifiable causes of action; and (2) that as announced in Monell v. Dept. of Social Svcs. Of the City of New York, 436 U.S. 658 (1961), a municipal cannot be held liable for harm under § 1983 based on respondent superior. However, Defendants did not make these specific arguments in its opening brief, these claims are not properly before this Court. Multi-Ad Svcs., Inc. v. N.L.R.B., 255 F.3d 363, 370 (7th Cir. 2001).

## Conclusion

For the reasons set forth above, Defendants' motion to dismiss is denied.

ENTER:

George M. Marovich
United States District Judge

DATED: 12/9/03